IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| UNITED STATES OF AMERICA, | § § § | |
|---|---|---|
| v. | § § | EP-19-CR-1385-PRM |
| ARTURO LOPEZ-MENDEZ, Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS INDICTMENT

On this day, the Court considered Defendant Arturo Lopez-Mendez's [hereinafter "Defendant"] "Motion to Dismiss Indictment" (ECF No. 19) [hereinafter "Motion"], filed on June 11, 2019; the Government's "Response in Opposition to Defendant's Motion to Dismiss the Indictment" (ECF No. 22) [hereinafter "Response"], filed on June 18, 2019; the Government's "Supplemental Response in Opposition to Defendant's Motion to Dismiss the Indictment" (ECF No. 23) [hereinafter "Supplemental Response"], filed on July 25, 2019; and Defendant's "Reply to Government's Response and Supplemental Response in Opposition to Defendant's Motion to Dismiss Indictment" (ECF No. 24) [hereinafter "Reply"], filed on August 7, 2019, in the above-captioned cause. After due

consideration, the Court is of the opinion that the Motion should be denied for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2008, the Department of Homeland Security ("DHS") personally served a notice to appear on Defendant. Resp. Ex. A (Notice to Appear). In the notice to appear, DHS alleged that Defendant was a native and citizen of Mexico who had entered the United States without being admitted or paroled after inspection by an Immigration Officer. *Id.* at 1. Additionally, the notice to appear alleged that Defendant was previously "convicted in the Circuit Court at Jefferson County, Alabama for the offenses of Robbery 1st Degree, and two counts of Assault 2nd degree, in violation of Alabama Codes 13A-008-041 and 13A-006-021." *Id.* Based on these allegations, DHS charged Defendant as subject to removal pursuant to (1) section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; and (2) section 212(a)(2)(A)(1)(I) of the Act, as an alien who had been convicted

of, or admitted having committed, a crime involving moral turpitude. *Id.* at 3.

In addition, the notice to appear ordered that Defendant appear before an Immigration Judge ("IJ") to show why he should not be removed from the United States. *Id.* at 1. However, the notice to appear failed to specify the time and date of the removal proceeding. *Id.* Additionally, the notice to appear ordered Defendant to appear at the Executive Office for Immigration Review, P.O. Box 750, Oakdale, Louisiana 71463. *Id.* The Government represents that, subsequent to service of the initial notice to appear, "[i]t is the usual practice for DHS to serve a Notice of Hearing containing the date, time and place of the initial hearing and serve it on the defendant." Resp. 2. Defendant does not allege that Defendant never received a Notice of Hearing with the date, time, and place of the removal hearing. *See* Mot.

On January 7, 2009, at an immigration hearing in which Defendant personally appeared, an IJ ordered Defendant removed from the United States to Mexico. *See* Resp. Ex. B (Order of the Immigration Judge). On January 22, 2009, Defendant was removed from the United States. Resp. Ex. C.

The Government alleges that on or about April 13, 2019, Defendant reentered the United States. Indictment, May 8, 2019, ECF No. 10. On May 8, 2019, Defendant was charged in the instant Indictment with illegally reentering the United States after having previously been removed in violation of 8 U.S.C. § 1326(a). *Id.* In the instant Motion, filed on June 11, 2019, Defendant seeks to dismiss the indictment, arguing that the January 2009 removal order is void because the notice to appear failed to state the time and location of the removal hearing.

## II. ANALYSIS

In his Motion, Defendant moves for dismissal of the instant Indictment. Mot. 1. Specifically, Defendant argues that the immigration court lacked authority, or jurisdiction, to remove Defendant because the notice to appear did not contain a hearing time or location. *Id.* at 1–2. According to Defendant, the Supreme Court's holding in *Pereira* that a notice to appear must include the time and date of the removal hearing in the stop-time rule context is controlling in the context of initiating removal proceedings in the immigration court and vesting the immigration court with jurisdiction, or authority, over the proceedings. *Id.* at 3–6 (citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018)). Accordingly,

4

Defendant argues, "removal proceedings never commenced and the putative removal order is void and violated due process." *Id.* at 1. Therefore, Defendant contends that the indictment must be dismissed pursuant to 8 U.S.C. § 1326(d) and because the Government cannot prove, as a matter of law, that Defendant was "removed." *See* Mot. 6, 11.

On July 25, 2019, the Government filed its Supplemental Response, arguing that a recent Fifth Circuit decision, *Pierre-Paul v. Barr*, 930 F.3d 684, 686 (5th Cir. 2019), squarely controls this case and requires that the Court deny Defendant's Motion. Suppl. Resp. 2. On August 7, 2019, Defendant filed his Reply. Therein, Defendant maintains that his reasoning pursuant to *Pereira* remains sound and applicable. Reply 1. Furthermore, Defendant states that "[w]hile the district court is bound by *Pierre-Paul*, [Defendant] disagrees with that decision and furthers his original arguments for purposes of appeal." Reply 1–2.

In *Pierre-Paul*, in the context of a review of a Board of Immigration Appeals order, the Fifth Circuit rejected the petitioner's argument that the immigration court lacked jurisdiction because his notice to appear did not include the time and date of his hearing. *Pierre-Paul*, 930 F.3d at 689. The court provided three independent reasons for its holding:

> First, Pierre-Paul's notice to appear was not defective. Second, assuming *arguendo* that the notice to appear were defective, the immigration court cured the defect by subsequently sending a notice of hearing that included the time and date of the hearing. Third, assuming *arguendo* that the notice to appear were defective and the defect could not be cured, 8 C.F.R. § 1003.14 is not jurisdictional. Rather, it is a claim-processing rule, and Pierre-Paul failed to raise the issue in a timely manner.

*Id.* In particular, the court rejected the petitioner's attempt to extend *Pereira*'s "narrow holding" beyond the context of the stop-time rule and, in doing so, "join[ed] the overwhelming chorus of [its] sister circuits that ha[d] already rejected similar *Pereira*-based challenges." *Id.*

On August 8, 2019, the Fifth Circuit held that each of *Pierre-Paul*'s three alternative holdings are applicable in the context of the issue in this case—specifically, a motion to dismiss a § 1326 indictment based on the theory that, in the underlying removal proceeding, the IJ lacked jurisdiction due to the lack of required information in the notice to appear. *United States v. Pedroza-Rocha*, No. 18-50828, 2019 WL 3727828, at *5 (5th Cir. Aug. 8, 2019). In short, the court concluded that "the IJ in [the defendant]'s [underlying] removal proceeding did not lack jurisdiction as a result of the Government's failure to include a date and time on [the defendant's notice to appear]." *Id.* Thus, the court concluded, the illegal

6

reentry indictment should not be dismissed based on the defendant's theory pursuant to *Pereira*. *Id.*

After due consideration, the Court concludes that Defendant's Motion should be denied. As the Fifth Circuit held in *Pierre-Paul* and *Pedroza-Rocha*, and consistent with the Court's prior ruling on this issue,[1] the lack of a time and date of a removal hearing in a notice to appear does not mean that the immigration court lacked jurisdiction over the removal proceeding. Consequently, the Court rejects Defendant's argument that his removal order was void because the notice to appear in his immigration case lacked a hearing time or location.[2] In his Motion, Defendant relies on the premise that his notice to appear was deficient and that his removal order was void for lack of jurisdiction and offers no

---

[1] *See United States v. Calderon-Avalos,* No. EP-18-CR-3156-PRM, 2019 WL 919210, at *7 (W.D. Tex. Feb. 25, 2019) (concluding that a notice to appear lacking the time and date of removal hearing did not divest the IJ of jurisdiction).

[2] The Court determines that the analysis in its prior memorandum opinion, see *Calderon-Avalos*, as well as the Fifth Circuit's reasoning in *Pierre-Paul* and *Pedroza-Rocha*, is applicable to the alleged deficiency in the address of the hearing in this case. Specifically, the fact that the notice to appear lists what appears to be a post office box rather than the precise address of the hearing has little bearing on the jurisdiction of the immigration court when Defendant successfully appeared at his hearing.

other basis for a collateral attack pursuant to § 1326(d). Accordingly, the Court is of the opinion that Defendant's Motion should be denied.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Arturo Lopez-Mendez's "Motion to Dismiss Indictment" (ECF No. 19) is **DENIED**.

SIGNED this 29 day of August, 2019.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

8